UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAVIER NUNEZ,

                Plaintiff,

-against-

NICOLE FRASER; OLIVIA GIEGERICH;
MARK SIMON; (PACHEO police officer),

                Defendants.

1:23-CV-10750 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

      In an order dated October 31, 2023, in another of Plaintiff's *pro se* actions that he brought in this court, the Court barred Plaintiff from filing any future civil action in this court *in forma pauperis* ("IFP") arising from his alleged eviction and from other related alleged events set forth in that order, without first obtaining from the court leave to file. *Nunez v. Silber*, ECF 1:23-CV-0625, 20 (S.D.N.Y. Oct. 31, 2023) (mentioning, in the context of the eviction and the other related alleged events, "(1) individuals who played some role in evicting Plaintiff and his father from a Manhattan apartment; (2) Plaintiff's father's caseworker; (3) Plaintiff's therapists; and (4) police officers who allegedly did not investigate Plaintiff's complaints about these events" (notice of appeal filed on Nov. 9, 2023)). Among the alleged events mentioned in that action were: (1) Plaintiff's May 15, 2018 eviction from his Manhattan apartment; (2) Plaintiff being locked out of that apartment on November 20, 2017; (3) Plaintiff's associated proceedings before the Civil Court of the City of New York, Housing Part; (4) the failure of a New York City Human Resources Administration caseworker to provide Plaintiff's father with "services"; and (5) Plaintiff's accusations of fraud and identity theft that he reported to the New York City Police Department, and that were not investigated by Detective Pacheo. *See Nunez*, ECF 1:23-CV-0625, 17 (S.D.N.Y. Oct. 24, 2023).

On December 8, 2023, Plaintiff filed the present *pro se* action, and he seeks to proceed IFP. His amended complaint (ECF 5) is the operative pleading for the present action. It asserts claims arising from Plaintiff's alleged eviction and from other related alleged events mentioned in *Nunez*, 1:23-CV-0625. Plaintiff also seeks immediate injunctive relief via an order to show cause for a preliminary injunction and temporary restraining order, but he does not specify the immediate relief he seeks. (ECF 4.) In addition, in a letter, he requests that the Court direct service on the defendants via the United States Marshals Service ("USMS"). (ECF 6.)

Because Plaintiff does not seek leave to file this action, however, the Court dismisses this action without prejudice, due to Plaintiff's failure to comply with the Court's October 31, 2023 order in *Nunez*, 1:23-CV-0625. Accordingly, the Court also denies Plaintiff's request for immediate injunctive relief and his request for service on the defendants via the USMS as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:   January 16, 2024
         New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge